**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN A. NELSON, on behalf of himself
and others similarly situated,

        Plaintiff,               Case No.:

vs.

PETES TOWING AND RECOVERY,
LLC and PETER DIMILTA, JR.,
individually,

        Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JOHN A. NELSON ("Plaintiff"), on behalf of himself and other similarly situated

employees, brings this action for minimum wage age, unpaid overtime compensation, and other

relief under the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the "FLSA") against

PETES TOWING AND RECOVERY, LLC, (the "Company"), a Florida Limited Liability

Company, and PETER DIMILTA, JR., individually ("Dimilta") and (collectively "Defendants")

and alleges:

**JURISDICTION AND VENUE**

1.     This is an action for damages and for declaratory relief, under the Fair Labor

Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover

unpaid minimum wages and overtime, an additional equal amount as liquidated damages, obtain

declaratory relief, and reasonable attorney's fees and costs and relief as available under Florida

common law.

2.     The jurisdiction of the Court over this controversy is pursuant to 28 U.S.C. §1331

1

and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this Court because the violations of the FLSA occurred in this Judicial District.

## PARTIES

4.     Plaintiff  was employed by Defendants as an tow truck driver and performed related activities for Defendants in and around Pinellas County, Florida.

5.     Defendant, PETES TOWING AND RECOVERY LLC, is a Florida corporation licensed to do business in Florida that operates and conducts business in, among others, Pinellas County, Florida, and is therefore within the jurisdiction of this Court.

6.     At all times relevant to this action, Dimilta was a resident of the State of Florida, who owns and operates  the Company and who regularly exercised the authority to: (a) hire and fire employees of the Company; (b) determine the work schedules for the employees of the Company; and (c) control the finances and operations of the Company and (d) dictate and implement the company's pay practice. By virtue of having regularly exercised that authority on behalf of the Company, Dimilta is an employer as defined by 29 U.S.C. § 201, et seq.

## STATEMENT OF FACTS

7.     This action is brought under the FLSA to recover from Defendants minimum wage and overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8.     This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

9.     At all material times relevant to this action, the Company was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

10.     Defendants operate a tow truck business in and around Pinellas County and surrounding counties. At all material times relevant to this action, Defendants had gross revenues of at least $500,000.00 annually and employed employees engaged in commerce or in the production

of goods for commerce. Defendants' employees handle and otherwise work on goods that have been moved in or produced for commerce.  For example, employees employed by Defendants handle or work on goods that have been moved or produced for commerce such as vehicles, tow trucks, computers, telephones and other items which originated from outside the state of Florida.

11.     As a tow truck driver who never left the state of Florida, Plaintiff was not exempt from the minimum wage and overtime requirement of the FLSA.

12.     By Plaintiff's estimates, he routinely worked more than 70 hours or more in a work week.   In many weeks, Plaintiff was not paid minimum wage for all the hours worked in violation of 29 U.S.C. §206.

13.     At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

14.     During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

15.     Plaintiff was never paid at one and one half times his regular rate of pay for all hours worked over forty.

16.     Upon information and belief, many of the records, to the extent that any exist concerning the number of hours worked and amounts paid to Plaintiff, are in the possession, custody and control of the Defendants.

17.      Upon information and belief, Defendants did not rely on any Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

18.     Defendants knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act.

19.     All conditions precedent to this action have been met or have been waived.

20.     Plaintiff has retained the undersigned law firm and is obligated to pay the firm a reasonable fee.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE

21.     Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1- 20 above as if stated fully herein.

22.     At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

23.     At all relevant times, Defendants employed Plaintiff.

24.     Defendants' failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. § 206.

25.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

26.     In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

27.     Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

28.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

29.     As a result of Defendants' reckless disregard of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him but

Defendants failed to pay him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

**COUNT II**
**FAILURE TO PAY MINIMUM WAGE – COLLECTIVE ACTION**
**(Failure to Pay Minimum Wage)**

30.     Plaintiff readopts and reincorporates all allegations contained in Paragraphs 1-20 above as if stated fully herein.

31.     At all times material, Defendants employed other tow truck drivers who were similarly situated to Plaintiff.

32.     Throughout their respective employment, individuals similarly situated to Plaintiff were subject to Defendants' unlawful pay practices.

33.     Specifically, Defendants failed to pay such similarly situated individuals the minimum wage required pursuant to the FLSA.

34.     Defendants' failure to pay such similarly situated individuals the required minimum wage was in reckless disregard of the FLSA.

35.     As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

36.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff the full and complete minimum wage for each hour worked, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of minimum wage pay for the hours worked by him but for which Defendants failed to pay him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief

that this Court deems to be just and appropriate.

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION

37.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

38.    Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

39.    During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

40.    As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

41.    Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

42.    Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

43.    Defendants failed to post required FLSA informational listings as required by the FLSA.

44.    Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

45.    Defendants willfully violated the FLSA.

46.    Plaintiff is entitled to liquidated damages.

47.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him but Defendants failed to pay him, liquidated damages, reasonable attorneys' fees and costs incurred in

this action, and all further relief that this Court deems to be just and appropriate.

## COUNT IV - COLLECTIVE ACTION
## RECOVERY OF OVERTIME

48.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

49.     At all times material, Defendants employed numerous other non-exempt employees who worked as tow truck drivers and who worked a substantial number of hours in excess of forty (40) per week.

50.     Throughout their employment, those tow truck drivers similarly situated to Plaintiff were subject to the same unlawful pay practices.

51.     Defendants failed to pay those individuals, who are similarly situated to Plaintiff, one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

52.     Defendants' failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

53.     As a direct and legal consequence of Defendants unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiff demands that similarly situated employees have judgment entered against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked over forty for which Defendants failed to pay them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this 2nd day of August, 2019.

MORGAN & MORGAN, P.A.

*/s/ Brianna A. Jordan*
**BRIANNA A. JORDAN**
Florida Bar Number: 1000982
**Morgan & Morgan, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Direct No. 813-393-5457
Facsimile: 813-393-5481
E-mail: bjordan@forthepeople.com
***Attorney for Plaintiff***